UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

KELVIN VALLE,

                              Plaintiff,

               -against-

THE CITY OF NEW YORK, LESLIE RICHARDS,
Correction Officer FREDERICK, CHARI MINAYA,
EDWARD TAVERAS,

                        Defendants.

--------------------------------------------------------X

**FIRST AMENDED
COMPLAINT AND
JURY TRIAL DEMAND**

_____

## PRELIMINARY STATEMENT

1.      This is a civil rights action brought by plaintiff KELVIN VALLE (hereinafter Mr. Valle or Plaintiff) for damages pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and the common law of the State of New York, against the defendants mentioned above in their individual and official capacities, and against the City of New York.

2.      Plaintiff seeks compensatory and punitive damages and an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

3.      This action arises under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§ 1983, and 1988. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1343 (3) and (4). Plaintiff also asserts jurisdiction over the City of New York under 28 U.S.C. § 1331 and § 1367.

## JURY DEMAND

4.      Plaintiff demands a trial by jury in this action.

## JURISDICTION AND VENUE

5.      This action is brought pursuant to 42 U.S.C. §§ 1983 and

1988, and the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution.

6.      The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a

7.      Under 28 U.S.C.  § 139l (b) and  (c) , venue  is proper  in the Southern  District of New York.

**PARTIES**

8.      Plaintiff at all material times relevant hereto resided in the City and State of New York.

9.      That at all times hereinafter mentioned, and upon information and belief, the defendant, the CITY OF NEW YORK, was at all times relevant hereto, a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York. The New York City Department of Correction and the New York City Police Department were at all times relevant hereto, agencies of the defendant the CITY OF NEW YORK.

10.      Defendant correction officer Frederick, Shield No. 12092, at all times relevant herein, was an officer, employee and agent of the DOC. Defendant Frederick is sued in her individual and official capacities.

11.      Defendant Frederick at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's rights.

12.      Defendant Captain Leslie Richards, Shield No. 940, at all times relevant herein, was an officer, employee and agent of the DOC.  Defendant Richards is sued in her individual and official capacities.

13.      Defendant Richards at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's rights

14.      At all relevant times hereinafter mentioned, defendant police officer Chari Minaya, Shield No. 1556, was employed by the City of New York as a member of the NYPD. Minaya is sued in his individual and official capacities.

15.      Defendant Minaya at all relevant times herein, either directly

participated or failed to intervene in the violation of plaintiff's rights.

16.    At all relevant times hereinafter mentioned, defendant Lieutenant Edward Taveras was employed by the City of New York as a member of the NYPD. Taveras is sued in his individual and official capacities.

17.    Defendant Taveras at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's rights.

18.    At all times relevant herein, all individual defendants were acting under color of state law.

19.    That at all times hereinafter mentioned, and upon information and belief, the individual defendants are named herein both personally and in their official representative capacities as correctional officers employed by the defendant City of New York through its agencies, the New York Police Department and the New York City Department of Corrections and that each and all of the acts of the individual defendants alleged herein were done by the individual defendants and each of them under cover and pretense of the statutes and laws of the State of New York, and under and by virtue of their authority as officers and employees of defendant, the City of New York.

## STATEMENT OF FACTS
### First Incident-January 1, 2016

20.    On January 1, 2016, at approximately 3:00 am, Plaintiff was visiting his friends at 1910 Arthur Avenue in the Bronx, City and State of New York.

21.    As plaintiff exited the building, plaintiff saw an unmarked sedan parked at front.

22.    When plaintiff walked away from the building, defendant officer Taveras wearing street clothes approached plaintiff and, without identifying himself as a police officer, grabbed plaintiff.

23.    Plaintiff was in fear and ran.

24.    Defendant Taveras followed plaintiff.

25.     Finally, defendant Taveras identified himself as a police officer.

26.     Plaintiff stopped immediately.

27.     In spite of the fact that plaintiff stopped, defendant officer Taveras tased plaintiff causing plaintiff to fall and fracture his thumb.

28.     Plaintiff was handcuffed while on the ground with his hands behind his back.

29.     Plaintiff was face down on the ground when defendant officer kicked plaintiff in the ribs causing plaintiff sever pain.

30.     Thereafter, defendants, including defendants Chari Minaya and Edward Taveras transported plaintiff to the 49th Precinct.

31.     While at the precinct, plaintiff asked for medical assistance, but was denied medical assistance for some time.

32.     On January 1, 2016 at approximately 9:00 am, plaintiff was transported to St. Barnabas Hospital in the Bronx, where physicians removed the taser prongs from plaintiff's back and treated plaintiff for his injuries.

33.     At the precinct, the officers, including defendant Taveras, falsely informed employees of the Bronx County District Attorney's Office that they observed plaintiff committing various crimes.

34.     Those allegations were false.

35.     Defendant officers acted sadistically and maliciously, demonstrated deliberate indifference toward plaintiff's rights and physical well-being, and said acts are examples of gross misconduct

36.     Because of the above-described incident, plaintiff was found to be in violation of his parole, and was forced to remain on Rikers Island.

37.     All of the above was done in violation of state and federal law.

38.     The conduct of the defendant officers in falsely arresting plaintiff and assaulting the plaintiff directly and proximately caused physical and emotional injury, pain and suffering, mental anguish, humiliation and embarrassment.

### Second Incident- February 22, 2016

39.     While an inmate at the Brooklyn Detention Complex (BDC), Plaintiff informed a correctional Captain Leslie Richards that plaintiff was afraid he would be assaulted in Housing Unit 7B.

40.     Plaintiff begged Captain Richards to be housed elsewhere.

41.     On or about February 21, 2016, Defendant Richards transferred plaintiff to Housing Unit 7B despite plaintiff's concerns.

42.     On February 22, 2016, plaintiff spoke with defendant correction officer Richards and asked to be moved.

43.     Defendant officer ignored plaintiff's request.

44.     Shortly thereafter, an inmate housed in 7B attacked plaintiff.

45.     The assailant approached plaintiff from behind and slashed plaintiff's face several times with a sharp object.

46.     Several other inmates joined the attacker kicking and punching plaintiff, hitting plaintiff with a mop and a broom.

47.     Plaintiff bled and asked for help.

48.     Several correction officers, including defendant Frederick, observed the incident, but did not intervene to stop the assault.

49.     Plaintiff managed to escape his attackers.

50.     A captain escorted plaintiff to the clinic where plaintiff's injuries were photographed.

51.     Plaintiff was subsequently transferred to the West Facility Clinic on Rikers Island were plaintiff's wounds were treated.

52.     Correction officers in the area failed to intervene to stop the assault.

53.     As a result of the foregoing, Plaintiff was caused to suffer serious physical injury, permanent disfigurement and conscious pain and suffering.

54.     Defendant officers acted sadistically and maliciously, demonstrated deliberate indifference toward plaintiff's rights and physical well being, and said acts are examples of gross misconduct.

55.     All of the above was done in violation of state and federal law.

56.    As a direct and proximate result of the malicious and outrages conduct of defendants set forth above, Plaintiff suffered injuries including but not limited to emotional trauma, harm and distress, mental anguish, serious physical injuries including the permanent disfigurement.

57.    The conduct of the defendant City in failing to protect Plaintiff from an assault by violent inmates and denying Plaintiff's requests for protective custody and medical attention directly and proximately caused Plaintiff to sustain serious physical and emotional injury, pain and suffering, mental anguish, humiliation and embarrassment.

### FIRST CLAIM
### Unlawful Stop and Search
### Against Chari Minaya and Edward Taveras

58.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

59.    Defendants Chari Minaya and Edward Taveras violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

60.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### SECOND CLAIM
### Unreasonable Force
### Against Chari Minaya and Edward Taveras

61.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

62.    Defendants Chari Minaya and Edward Taveras violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

63.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### THIRD CLAIM
### State Law Assault and Battery
### Against Chari Minaya, Edward Taveras

64.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

65.     By their conduct, as described herein, the defendants Chari Minaya and Edward Taveras are liable to plaintiff for having assaulted and battered him.

66.     Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

67.     As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

### FOURTH CLAIM
### Negligent Hiring/Training/Retention/Supervision Of
### Employment Services
### AGAINST CITY OF NEW YORK

68.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

69.     Defendant City, through the NYPD and DOC, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

70.    Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

71.    Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

72.    Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

73.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

**FIFTH CLAIM**
**Intentional Infliction of Emotional Distress**

74.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

75.    By reason of the foregoing, and by assaulting, battering, and using gratuitous, excessive, brutal, sadistic, and unconscionable force, failing to prevent other defendants from doing so, or causing an unlawful seizure and extended detention without due process, the defendants Chari Minaya and Edward Taveras acting in their capacities as NYPD officers, and within the scope of their employment, each committed conduct so extreme and outrageous as to constitute the intentional infliction of emotional distress upon Plaintiff.

8

76.    The intentional infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

77.    Defendants, their officers, agents, servants, and employees were responsible for the intentional infliction of emotional distress upon Plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

78.    As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Negligent Infliction of Emotional Distress

79.    Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

80.    By reason of the foregoing, and by assaulting, battering, and using gratuitous, excessive, brutal, sadistic, and unconscionable force, failing to prevent other defendants from doing so, or causing an unlawful seizure and extended detention without due process, the defendants Chari Minaya and Edward Taveras acting in their capacities as NYPD officers, and within the scope of their employment, each were negligent in committing conduct that inflicted emotional distress upon Plaintiff.

81.    The negligent infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

9

82.     Defendants, their officers, agents, servants, and employees were responsible for the negligent infliction of emotional distress upon Plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

83.     As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

**SEVENTH CLAIM**
**Failure To Intervene**
**AGAINST ALL DEFENDANTS**

84.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

85.     Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

86.     Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

87.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**EIGHTH CLAIM**
**Respondeat Superior Liability**
**Against the City of New York**

88.     Plaintiff repeats and re-alleges each and every allegation above as if fully set forth herein.

89.    The aforementioned conduct of the defendants occurred while they were on duty and was within the scope of their authority as officers.

90.    Thus, Defendant City of New York is liable to Plaintiff for his damages under the doctrine of *respondeat superior*.

## NINTH CLAIM
**Negligence Against City of New York,
Captain Richards and C.O. Frederick**

91.    Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

92.    Defendants owed plaintiff a duty of care to prevent him from being attacked.

93.    Defendants breached that duty of care.

94.    Defendants' breach of duty was the but-for cause of plaintiff's injury.

95.    Defendants' breach of duty was the proximate cause of plaintiff's injury.

96.    Plaintiff sustained damages, including but not limited to serious physical injuries, emotional injuries and pain and suffering as a result

## TENTH CLAIM
**Deliberate Indifference to Plaintiff's Safety
Against City of New York,
Captain Richards and C.O. Frederick**

97.    Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

98.   Defendants, Captain Roberts and John and Jane Doe #1 through 10, were aware that plaintiff expressed concern for his physical safety.

99.   Defendants were aware that there were real threats to plaintiff's safety.

100.  Defendants ignored plaintiff's pleas for help.

101.  As a result of defendants' failure plaintiff was severely attacked by inmates.

102.  As a result of the attack plaintiff was severely injured.

## ELEVENTH CLAIM
### *Monell*
### Against City of New York

103.  Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

104.  This is not an isolated incident.  The City of New York (the "City"), through policies, practices and customs, directly caused the constitutional violations suffered by plaintiff

105.  Defendant City, through DOC and officers to whom policymaking authority was delegated, and acting under the pretense and color of law, permitted, tolerated and was deliberately indifferent to a pattern and practice of DOC staff tolerating and permitting inmate on inmate violence.

106.  This widespread tolerance of correction officers standing by, sleeping, or being away from their assigned posts when inmate on inmate violence occurred constituted a municipal policy, practice, or custom and directly led to plaintiff's attack and injuries.

107.  Defendant City, through its correction officers, is charged with the care, custody and control of the inmates who are housed at DOC facilities.

108. However, through DOC's long-standing custom and practice, evidenced by numerous cases of inmates being assaulted while staff either permitted, allowed or were derelict of their duties in preventing the assault, led directly to plaintiff's assault and injuries.

109. The City, through its police department, has had and still has hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the constitution and is indifferent to the consequences. The City, through its police department and department of corrections, has a *de facto* quota policy that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

110. The City, at all relevant times, was aware that these individual defendants routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

111. The City, at all relevant times, was aware that these individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

112. These policies, practices, and customs were the moving force behind plaintiff's injuries

## PRAYER  FOR  RELIEF

**WHEREFORE,** Plaintiff requests that this Court:

a) Award compensatory damages against the defendants, jointly and severally;

b) Award punitive damages against the individual defendants, jointly and severally;

c) Award costs of this action to the plaintiff;

d) Award reasonable attorneys' fees and costs to the plaintiff pursuant to 28 U.S.C. § 1988;

e) Such other and further relief as this Court deems just and proper;

## JURY DEMAND

DATED:      September 7, 2018
            Brooklyn, New York

_AMY RAMEAU_
Amy Rameau, Esq.

The Rameau Law Firm
16 Court Street, Suite 2504
Brooklyn, NY 11241
(718) 852-4759
rameaulawny@gmail.com

*Attorney for plaintiff*

14